**SPANG et al. v. WATSON, Commissioner of Patents.**

No. 11508.

United States Court of Appeals District of Columbia Circuit.

Argued March 13, 1953.

Decided May 7, 1953.

Petition for Rehearing Denied August 21, 1953.

---

704

Mr. Cedric W. Porter, Boston, Mass., pro hac vice, by special leave of Court, with whom Messrs. Nathan Heard, Boston, Mass., and Lee L. Townshend, Washington, D. C., were on the brief, for appellants.

Mr. H. S. Miller, Attorney, United States Patent Office, with whom Mr. E. L. Reynolds, Solicitor, United States Patent Office, was on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellants sued the Commissioner of Patents under Rev.Stat. § 4915,[1] to register the words "Cube Steak" as a trade-mark for meat tenderizing machines. Appellants say the term is "a mark used by the applicant which has become distinctive of the applicant's goods in commerce" within the meaning of § 2(f) of the Lanham Trade-Mark Act, 60 Stat. 429 (1946), 15 U.S.C.A. § 1052(f).

■ The District Court found in substance that this term has not become distinctive of appellants' goods. It found that appellants' predecessor used it before them; and appellants "have made great efforts toward policing" it; but it now designates a type of meat that comes from many different sources. The evidence supports these findings. Appellants do not deny that the term "Cube Steak" is often used to designate a type of meat regardless of source. Notwithstanding that the term originally designated appellants' machines and the product of these machines, appellants did not acquire an exclusive right to apply the name after it became generic and no longer distinctive of their goods. Singer M'f'g Co. v. June M'f'g Co., 1896, 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118; Kellogg Co. v. Nat. Biscuit Co., 1938, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73.

■ We need not consider whether, as the District Court thought, it necessarily follows that, "Since 'Cube Steak' is the generic name of a variety of meat, it is equally the generic name of the machine which makes that variety of meat." If the use of the words "Cube Steak" as a trade-mark were limited to the machines and if it were found, on sufficient evidence, that customers for the machines regarded the mark as pointing distinctly to appellants as the producers, perhaps a limited registration might be possible. As a common law case affording protection of this limited character, see Bayer Co. v. United Drug Co., D.C.S.D.N.Y.1921, 272 F. 505. The cases of Singer M'f'g Co. v. June M'f'g Co., supra, and Kellogg Co. v. Nat. Biscuit Co., supra, read with Hanover Starr Milling Co. v. Metcalf, 1916, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713, and United Drug Co. v. Theodore Rectanus Co., 1918, 248 U. S. 90, 39 S.Ct. 48, 63 L.Ed. 141, are not preclusive of such limited registration, particularly when they are considered in the light of the liberalizing provisions of the Lanham Trade-Mark Act.[2] In a proper

1. Rev.Stat. § 4915 (1875), as amended 35 U.S.C. § 63 (1946), has since been repealed by Section 5, Act of July 19, 1952, c. 950, 66 Stat. 815. It has been replaced by 66 Stat. 803, 35 U.S.C.A. §§ 145, 146.

2. "No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it", so far as here pertinent, " * * * is merely de-

case the statute itself authorizes limitations and conditions upon registration: 60 Stat. 430 (1946), 15 U.S.C.A. § 1057(a). See, also, Walgreen Drug Stores v. Obear-Nester Glass Co., 8 Cir., 1940, 113 F.2d 956, 960, certiorari denied, 311 U.S. 708, 61 S.Ct. 174, 85 L.Ed. 459, rehearing denied, 311 U.S. 730, 61 S.Ct. 391, 85 L.Ed. 475. But, as indicated in Kellogg Co. v. Nat. Biscuit Co., 305 U.S. at page 118, 59 S.Ct. at page 113, the application of this doctrine of secondary meaning requires that not merely "a subordinate meaning" but "the primary significance of the term in the minds of the consuming public," here those in the market for the machine, "is not the product but the producer." Appellants failed to show clearly that this is the factual situation. On the contrary, the finding of the court that appellants "have not shown that the mark 'Cube Steak' as used by them, has become distinctive of plaintiffs' [appellants'] goods in commerce", is entirely consistent with the evidence, even though "goods in commerce" be considered as the machines only and not the tenderized meat, and the public be considered only as those who might purchase the machines.

Affirmed.

scriptive"; and even if descriptive the mark may be registered if it " * * *

has become distinctive of the applicant's goods in commerce. * * *" § 2(f).